J. STEPHEN STREET     1573-0
Attorney At Law
134 Maono Place
Honolulu, Hawaii  96821
Telephone No.:     (808) 754-1647
Facsimile No.:     (888) 334-6499
E-mail:     jsstreet@ip-law-hawaii.com

DANE ANDERSON     9349-0
Attorney At Law, LLLC
P.O. Box #1621
Honolulu, Hawaii  96806
Telephone No.:     (808) 285-4760
E-mail:     dane@andersonlawhawaii.com

Attorneys for Plaintiffs
VINCENT KHOURY TYLOR
and VINCENT SCOTT TYLOR

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 28 2013

at _1_ o'clock and _00_ min. _P_ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, | ) CIVIL NO. CV13 00433 LEK BMK<br>) (Copyright Infringement)<br>) |
| Plaintiffs, | ) |
| vs. | ) COMPLAINT FOR COPYRIGHT<br>) INFRINGEMENT AND DIGITAL<br>) MILLENNIUM COPYRIGHT ACT |
| AQUA HOTELS & RESORTS, LLC, a Hawaii Limited Liability Company, dba AQUA HOSPITALITY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, | ) VIOLATIONS; EXHIBITS "A"-"D";<br>) SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## AND DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

COMES NOW, Plaintiffs VINCENT KHOURY TYLOR and

VINCENT SCOTT TYLOR, by their attorneys, J. Stephen Street, Attorney at Law

and Dane Anderson, Attorney at Law, LLLC, and for their complaint alleges as

follows:

### PARTIES

1.     Plaintiff VINCENT KHOURY TYLOR is a resident of the State

of Hawaii.

2.     Plaintiff VINCENT SCOTT TYLOR is a resident of the State of

Hawaii.

3.     Upon information and belief, Defendant AQUA HOTELS &

RESORTS, LLC (hereinafter referred to as "Defendant") is a limited liability

company organized in the State of Hawaii with its principal place of business in

Honolulu, Hawaii, and is doing business as AQUA HOSPITALITY.

4.     JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS

1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10 are named

herein under fictitious names for the reason that, after investigation of the facts of

this action, Defendant's true names and identities are presently unknown to

Plaintiffs, except, upon information and belief, that they are connected in some

manner with the named Defendant and/or were the agents, servants, employees,

employers, representatives, co-venturers, associates, successors or assignees of the

named Defendant who may be under a duty, contractually or otherwise, to pay

Plaintiffs compensation for loss incurred by the actions or omissions of the named

Defendant and/or were in some manner related to the named Defendant and that

their "true names, identities, capacity, activities and/or responsibilities" are presently

unknown to Plaintiffs or their attorneys.  To ascertain the full names and identities of

JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE

PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, Plaintiffs' counsel have

investigated the facts alleged herein through, inter alia, interview of Plaintiffs and

inspection of the records in this matter.  When the true names and capacities are

ascertained, through appropriate discovery, Plaintiffs shall move to amend this

action to state the true names.

## JURISDICTION AND VENUE

5.      This is an action for preliminary and permanent injunctive relief

and damages arising from Defendant's copyright infringements in violation of the

United States Copyright Act, 17 U.S.C. §§ 101 et seq. and the Digital Millennium

Copyright Act, 17 U.S.C. § 1202.

6.      This Court has jurisdiction over the subject matter of this action

under 28 U.S.C. § 1331 and § 1338(a).

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400.

## FACTUAL ALLEGATIONS

8.      Upon information and belief, Defendant is doing business in the State of Hawaii as a hotel management company and operates and/or owns hotel properties in various locations within the State of Hawaii, and Defendant is doing business as AQUA HOSPITALITY.

9.      Upon information and belief, Defendant manages and controls a commercial webpage on Facebook.com, at https://www.facebook.com/aquahospitality, to advertise and promote its business and hotel properties and to encourage users of its Facebook.com webpage to navigate to its commercial website, www.AquaResorts.com, or click on a provided hyperlink to be directly routed to its commercial website, to complete online reservations, purchase vacation packages, or view information on Defendant's hotel properties.

10.     Upon information and belief, Defendant manages and controls multiple commercial web pages in the form of photo boards on Pinterest.com, through its Pinterest.com account at http://pinterest.com/aquahotels/, to advertise and promote its business and each of its hotel properties, individually, and to encourage users of its Pinterest.com commercial web pages to navigate to its

commercial website at www.AquaResorts.com, or click on a provided hyperlink to be directly routed to its commercial website to complete online reservations, purchase vacation packages, or view information on Defendant's hotel properties.

11.    The photographic works at issue in this case are original works entitled to copyright protection pursuant to the copyright laws of the United States, and the photographic works at issue are duly registered with the United States Copyright Office.

12.    Twelve (12) of the photographic works, image nos.: "A-08  Golf Hawaii"; "K-06-B Wailua Falls Rainbow"; "M-05 Kihei Beach"; "M-07 Windsurfers"; "M-11 7 Pools Waterfalls"; "M-16 Maui Tropical Plantation"; "M-24 Black Beach rocks"; "M24-C Black Sand Beach"; "O-05 Chinamans Hat"; "O-06 Hanauma Bay Wide"; "O-08 Waikiki from Top of DiamondHead"; and, "O-22 Kaneohe Fish Pond"  at issue in this case were created by photographer Plaintiff VINCENT KHOURY TYLOR, who is the owner of the copyrights for those photographic works.

13.    The copyrights for Plaintiff VINCENT KHOURY TYLOR's photographic works at issue were registered with the United States Copyright Office as VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741. Plaintiff VINCENT KHOURY TYLOR has exclusive rights and privileges in those photographic works under the United States Copyright Act.  True and correct

copies of the Certificates of Registrations that relates to each of Plaintiff VINCENT KHOURY TYLOR's twelve (12) photographic works at issue are attached hereto as Exhibit "A."

14.     Two (2) photographic works, image nos. "Chinamans Hat02" and "Venice Falls, Maui-1" at issue in this case were created by photographer Plaintiff VINCENT SCOTT TYLOR, who is the owner of the copyrights for those photographic works.

15.     The copyrights for Plaintiff VINCENT SCOTT TYLOR's two (2) photographic works at issue were registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011.  Plaintiff VINCENT SCOTT TYLOR has exclusive rights and privileges in those photographic works under the United States Copyright Act.  A true and correct copy of the Certificate of Registration that relates to Plaintiff VINCENT SCOTT TYLOR's two (2) photographic works at issue is attached hereto as Exhibit "B".

16.     None of the photographic works at issue was a "work for hire."

17.     Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works at issue for commercial and other uses.

18.     In mid-2013, Plaintiff VINCENT KHOURY TYLOR learned that Defendant used twelve (12) of Plaintiff VINCENT KHOURY TYLOR's

photographic works on its commercial Facebook.com web page and commercial

Pinterest.com web pages, a total of at least thirty-six (36) times, in high-resolution,

as follows:

Image "**A-08 Golf Hawaii**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/hawaii-scenes/
http://pinterest.com/pin/240450067575217555/
*Image URL:*
http://media-cache-ak0.pinimg.com/550x/87/26/04/8726048
    f788dbafc2c48fdd6f038edaa.jpg   (550 x 412 pixels)

Image "**K-06-B Wailua Falls Rainbow**" was used at least five (5) times at:

*Page URLs:*
https://www.facebook.com/aquahospitality
https://www.facebook.com/aquahospitality/photos_stream
http://pinterest.com/aquahotels/chasing-waterfalls/
http://pinterest.com/pin/240450067575217604/
https://www.facebook.com/photo.php?fbid=10150687991458558&set=pb.40729613
    557.-2207520000.1366843756.&type=3&theater
*Image URLs:*
https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-ash3/544739_10150
    687991458558_1417508436_n.jpg   (948 x 312 pixels)
http://media-cache-ec4.pinimg.com/550x/10/32/32/103232a2aa01b076a37d9
    3d17906b7f6.jpg   (300 x 225 pixels)

Image "**M-05 Kihei Beach**" was used at least two (2) times at:
*Page URLs:*
http://pinterest.com/aquahotels/maui/
http://pinterest.com/pin/240450067575217739/
*Image URL:*
http://media-cache-ec3.pinimg.com/550x/ee/80/3a/ee803a8d8
    fa10639af837d7076a65b49.jpg   (550 x 412 pixels)

Image "**M-07 Windsurfers**" was used at least three (3) times at:

*Page URLs:*
http://pinterest.com/aquahotels/ocean-motion/
http://pinterest.com/pin/240450067575217731/
http://pinterest.com/pin/240450067575196563/
*Image URLs:*
http://media-cache-ak1.pinimg.com/550x/23/2a/88/232a88cd2126cf
    52de7e06e0f7610a26.jpg   (550 x 412 pixels)
http://media-cache-ak1.pinimg.com/550x/2b/b6/cd/2bb6cd2274561e2b
    b69bb26834b152a7.jpg   (550 x 371 pixels)

Image "**M-11 7 Pools Waterfalls**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/maui/
http://pinterest.com/pin/240450067575217806/
*Image URL:*
http://media-cache-ec2.pinimg.com/550x/93/c7/39/93c73902e58
    e7bb4adca175d08e8e0d2.jpg   (550 x 371 pixels)

Image "**M-16 Maui Tropical Plantation**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/maui/
http://pinterest.com/pin/240450067575217736/
*Image URL:*
http://media-cache-ec4.pinimg.com/550x/0e/00/3d/0e003def0713a03a7
    b77cf21c233a081.jpg   (550 x 412 pixels)

Image "**M-24 Black Beach rocks**" was used at least five (5) times at:

*Page URLs:*
http://pinterest.com/aquahotels/life-s-a-beach/
https://www.facebook.com/aquahospitality
https://www.facebook.com/aquahospitality/photos_stream
http://pinterest.com/pin/240450067575217826/
https://www.facebook.com/photo.php?fbid=10150687991458558&set=pb.40729613
    557.-2207520000.1367815797.&type=3&theater
*Image URLs:*
http://media-cache-ec3.pinimg.com/550x/16/11/56/161156d11ebab8e2fb3b
    8325f16a211c.jpg   (550 x 412 pixels)

https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-ash3/544739_101506
87991458558_1417508436_n.jpg   (957 x 333 pixels)

Image "**M24-C Black Sand Beach**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/life-s-a-beach/
http://pinterest.com/pin/240450067575196561/
*Image URL:*
http://media-cache-ec3.pinimg.com/550x/16/11/56/161156d11ebab8e2fb
3b8325f16a211c.jpg    (550 x 412 pixels)

Image "**O-05 Chinamans Hat**" was used at least five (5) times at:

*Page URLs:*
http://pinterest.com/aquahotels/life-s-a-beach/
https://www.facebook.com/aquahospitality
https://www.facebook.com/aquahospitality/photos_stream
http://pinterest.com/pin/240450067575217601/
https://www.facebook.com/photo.php?fbid=10150687991458558&set=pb.40729613
557.-2207520000.1367815797.&type=3&theater
*Image URLs:*
http://media-cache-ec3.pinimg.com/550x/99/1e/13/991e13885077c23417adf
718317c4d33.jpg   (400 x 300 pixels)
https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-ash3/544739_1015068799145
8558_1417508436_n.jpg   (957 x 333 pixels)

Image "**O-06 Hanauma Bay Wide**" was used at least four (4) times at:

*Page URLs:*
https://www.facebook.com/aquahospitality
https://www.facebook.com/aquahospitality/photos_stream
http://www.facebook.com/media/set/?set=a.180641711947057.46996.11229960544
7935&type=1
https://www.facebook.com/photo.php?fbid=10150740607598558&set=a.568525
88557.67644.40729613557&type=3&theater
*Image URLs:*
https://fbcdn-sphotos-h-a.akamaihd.net/hphotos-ak-prn1/535978_1015074
0607598558_262229316_n.jpg   (957 x 333 pixels)

Image "**O-08 Waikiki from Top of DiamondHead**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/oahu/
http://pinterest.com/pin/240450067575217813/
*Image URL:*
http://media-cache-ak1.pinimg.com/550x/52/85/2a/52852a1a49d
　　　e866615d84e66b5431578.jpg   (550 x 412 pixels)

Image "**O-22 Kaneohe Fish Pond**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/oahu/
http://pinterest.com/pin/240450067575217818/
*Image URL:*
http://media-cache-ec4.pinimg.com/550x/51/c1/c0/51c1c023de69fb
　　　52978d67fcd2b50563.jpg   (550 x 412 pixels)

These photographic works were used for approximately one (1) year without

obtaining license or consent from Plaintiff VINCENT KHOURY TYLOR; thus

violating Plaintiff VINCENT KHOURY TYLOR's exclusive right to reproduce,

adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al.

A true and correct copy of each photographic work at issue registered by Plaintiff

VINCENT KHOURY TYLOR, used by Defendant without permission, along with

the respective true and correct copy of the screenshot of Defendant's infringing use

of each photographic work at issue is attached hereto as Exhibit "C".

   19. In mid-2013, Plaintiff VINCENT SCOTT TYLOR learned that

Defendant used two (2) of Plaintiff VINCENT SCOTT TYLOR's photographic

works at issue on its commercial Pinterest.com web pages, in high resolution, a total

of four (4) times as follows:

Image "**Chinamans Hat02**" was used at least two (2) times:

*Page URLs:*
http://pinterest.com/aquahotels/oahu/
http://pinterest.com/pin/240450067575217822/
*Image URL:*
http://media-cache-ec3.pinimg.com/550x/18/cf/d7/18cfd7b77e204
   e767e283556e7120b4c.jpg   (550 x 412 pixels)

Image "**Venice Falls, Maui-1**" was used at least two (2) times at:

*Page URLs:*
http://pinterest.com/aquahotels/hawaii-scenes/
http://pinterest.com/pin/240450067575197193/
*Image URL:*
http://media-cache-ak1.pinimg.com/550x/23/2b/04/232b04b
   d92590f2e2ce18546ee136a72.jpg   (450 x 360 pixels)

These photographic works were used for approximately one (1) year without

obtaining license or consent from Plaintiff VINCENT SCOTT TYLOR and thus

violating Plaintiff VINCENT SCOTT TYLOR's exclusive right to reproduce, adapt,

display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al.  A

true and correct copy of each photographic work at issue registered by Plaintiff

VINCENT SCOTT TYLOR, used by Defendant without permission, along with the

respective true and correct copy of the screenshot of Defendant's infringing use of

each photographic work at issue is attached hereto as Exhibit "D".

    20.   Plaintiff VINCENT KHOURY TYLOR's twelve (12)

copyrighted photographic works at issue, where they are legitimately available, bear his copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.

      21.    Upon information and belief, Defendant intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information from ten (10) of his photographic works at issue for Defendant's uses of those photographic works without his authority or the law because Defendant's uses contained copies of those photographic works at issue with the said copyright management information digitally cropped, which is clearly associated with those photographic works when an internet search of those photographic works is performed using an internet search engine, while Defendant's uses of two (2) photographic works, "M-11 7 Pools Waterfalls" and "M24-C Black Sand Beach", still contained the copyright management information.  A true and correct copy of each of Plaintiff VINCENT KHOURY TYLOR's photographic works containing the copyright management information along with Defendants' use of ten (10) of the photographic works with the copyright management information cropped and two (2) photographic works, "M-11 7 Pools Waterfalls" and "M24-C Black Sand Beach", with the copyright management information intact, is shown in Exhibit "C."

      22.    Upon information and belief, four (4) of Plaintiff VINCENT

KHOURY TYLOR's photographic works at issue, images "K-06-B Wailua Falls

Rainbow"; "M-24 Black Beach rocks"; "O-05 Chinamans Hat"; and, "O-06

Hanauma Bay" posted by Defendant on its Facebook.com commercial web page has

contributed to widespread distribution of these photographic works absent Plaintiff

VINCENT KHOURY TYLOR's copyright management information because users

who view Defendant's Facebook.com commercial web page can easily distribute

Defendant's postings of the photographic works without his copyright information

among other Facebook.com users by clicking on the "Like" button, "Comment"

button or "Share" button associated with these photographic works as they appear on

Defendants' Facebook.com commercial web page.  Each "Like," "Comment," or

"Share" action by a user causes these photographic works to be distributed to other

users or promotes Defendant's Facebook.com commercial web page as the origin

and owner of these photographic works.  Furthermore, users can automatically

promote Defendant's Facebook.com commercial web page among other users by

clicking the "Like" button associated with that page, effectively advertising

Defendant's hotel properties and management company as well as the photographic

works at issue absent Plaintiff VINCENT KHOURY TYLOR's copyright

information.  Upon information and belief, to date, Defendant's Facebook.com web

page at issue has been visited by thousands of users of Facebook.com and "Liked"

by over 16,000 users, leading to potentially to thousands more Facebook.com users

viewing and/or continually sharing Plaintiffs' photographic works at issue that were

initially posted by Defendant absent Plaintiff VINCENT KHOURY TYLOR's

copyright management information.

23.   Upon information and belief, all of Plaintiffs' photographic

works at issue, except Plaintiff VINCENT KHOURY TYLOR's "O-06 Hanauma

Bay", posted by Defendant on its Pinterest.com commercial web pages has

contributed to widespread distribution of these photographic works, nine (9) of

which is absent Plaintiff's VINCENT KHOURY TYLOR's copyright management

information, because users who view Defendant's pinned photos and photo boards

on Defendant's Pinterest.com commercial web pages can easily distribute those

photographic works among other Pinterest.com users by clicking on the "Pin it"

button or "Like" button associated with these photographic works as they appear on

Defendants' Pininterest.com commercial web pages, or "share" by clicking on the

Facebook.com or Twitter.com buttons to distribute these photographic works among

the millions of users of those websites.  Each "Pin it" or "Like" or "share" action by

a user causes these photographic works to be distributed to other users or promotes

Defendant's Pininterest.com commercial web pages as the origin and owner of these

photographic works.  Furthermore, users can automatically promote Defendant's

Pinterest.com commercial web pages among other users by clicking the "Follow"

button associated with that page, effectively advertising Defendant's hotel properties

and management company as well as the posted photographic works at issue.  Upon information and belief, to date, Defendant's Pinterest.com commercial web pages at issue have been visited by thousands of users and each web page or "photo board" featuring an individual hotel property is "Followed" by hundreds of users, leading to potentially thousands more users viewing and continually sharing Plaintiffs' photographic works at issue that were initially pinned by Defendant.

24.    In May of 2013, Plaintiffs attempted to resolve with Defendant the ongoing use of the photographic works in violation of Plaintiffs' copyright, requesting that Defendants pay a retroactive licensing fee for the photographic works used, as described, and that Defendant cease and desist from using any of Plaintiffs' copyrighted works.

25.    Despite notice of the infringements and Plaintiffs' request to cease and desist in May of 2013, and Defendant's acknowledgement of its receipt of that notice and request to cease and desist, Plaintiff VINCENT KHOURY TYLOR learned in August of 2013, upon information and belief, that Defendant is still using **"K-06-B Wailua Falls Rainbow"**, constituting willful infringement, absent Plaintiff VINCENT KHOURY TYLOR's copyright management information and associated with false copyright management information at the bottom of Defendant's commercial website for its KAUAI SANDS HOTEL property, as follows:

Image "**K-06-B Wailua Falls Rainbow**" is still being used at least one (1) time at:

Page URL:
https://gc.synxis.com/?__utma=119336979.1123507630.1377237644.1377563608.1
  377564172.4&__utmb=119336979.7.5.1377564193030&__utmc=
  119336979&__utmx=-&__utmz=119336979.1377564172.4.2.utmgclid=
  CJu_gbeynLkCFap7QgodlSsAyg|utmccn=(not%20set)|utmcmd=(not%20set)|
  utmctr=kauai%20sands%20hotel&__utmv=-&__utmk=212072532
Image URL:
https://gc.synxis.com/hotel/57742/images/shell/Wailua-Falls-150x150.jpg
  (150 x 150 pixels)

A true and correct copy of "K-06-B Wailua Falls Rainbow" registered by Plaintiff

VINCENT KHOURY TYLOR, willfully used by Defendant without permission,

along with the respective true and correct copy of the screenshot of Defendant's

willful infringing use of this photographic work absent Plaintiff VINCENT

KHOURY TYLOR's copyright management information and associated with false

copyright management information is shown in Exhibit "C".

26.    Despite the notice of infringements and requests to cease and

desist received by Defendant in May of 2013, Defendant has not compensated

Plaintiffs for the damages they have suffered and continues to use Plaintiff

VINCENT KHOURY TYLOR's "K-06-B Wailua Falls Rainbow" photographic

works without authorization, absent his copyright management information and

associated with false copyright management information, constituting willful

infringement and intentional violations of the Digital Millennium Copyright Act,

thus necessitating legal action.

**FIRST CAUSE OF ACTION:**
**COPYRIGHT INFRINGEMENTS**

27.     Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-26 as if fully stated herein.

28.     Plaintiffs hold all rights, title and interest in the copyrights to the photographic works at issue, the use of which has not been licensed to Defendant.

29.     Defendant has misappropriated Plaintiffs' copyrighted photographic works with knowledge that the photographic works at issue did not belong to Defendant, Defendant made no attempt to obtain permission or license from anyone.  Defendant's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

30.     Defendant has shown that it intends to continue, unless restrained, to use Plaintiffs' copyrighted photographic works, willfully infringing, and causing irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy of law.

31.     Defendant's unlawful use of copies of Plaintiffs' original photographic works has diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiffs.

32.     Defendant's unlawful acts have been and are interfering with and undermining Plaintiffs' ability to market Plaintiffs' own original photographic

works, thereby impairing the value and prejudicing the sale by Plaintiffs of their own photographic works.

33.   Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendant from engaging in further acts of copyright infringement.

34.   Defendant, by its unauthorized appropriation and use of Plaintiffs' original photographic works, has been and is engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiffs' goodwill and the public acceptance of Plaintiffs' original photographic works.

35.   Because Defendant used and continues to use Plaintiffs' copyrighted photographic works at issue without license, infringing the exclusive rights of Plaintiffs as the copyright owners, Plaintiffs are entitled to have the infringing publications and any improperly acquired likenesses or photographic works, however stored or recorded, impounded while this action is pending.

36.   As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.

37.   Plaintiffs are entitled to recover from Defendant the damages they have sustained as a result of these wrongful and willful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's willful acts of copyright infringement.

38.     Plaintiffs are further entitled to recover from Defendant any gains, profits, or advantages Defendant has obtained as a result of its wrongful and willful acts.  Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages Defendant has realized by its willful acts of copyright infringement.

39.     Plaintiffs are entitled to elect to recover from Defendant statutory damages for each of its past and/or continuing willful violations of Plaintiffs' copyrights.

40.     Plaintiffs are further entitled to costs and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION:**
**DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

41.     Plaintiffs restate and reallege each of the allegations contained in paragraphs 1-40 as if fully stated herein.

42.     Upon information and belief, Defendant has intentionally removed copyright identification information from ten (10) of Plaintiff VINCENT KHOURY TYLOR's photographic works used on Defendant's Facebook.com web page and Pinterest.com commercial web pages, and associated false copyright management information with one (1) of Plaintiff VINCENT KHOURY TYLOR's photographic works, without the authority of the copyright owner, Plaintiff VINCENT KHOURY TYLOR, or the law, and knowing or having reasonable

grounds to know, that the removal would induce, enable, facilitate, or conceal infringements of copyright.

43.    Defendant's acts constitute violations under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

44.    Plaintiff VINCENT KHOURY TYLOR is entitled to a preliminary and permanent injunction to prevent Defendant from engaging in further violations of 17 U.S.C. § 1202.

45.    Plaintiff VINCENT KHOURY TYLOR is entitled to recover from Defendant the actual damages suffered by him and any profits Defendant has obtained as a result of its wrongful acts that are not taken into account in computing the actual damages.  Plaintiff VINCENT KHOURY TYLOR is presently unable to ascertain the full extent of the profits Defendant has realized by its violations of 17 U.S.C. § 1202.

46.    Plaintiff VINCENT KHOURY TYLOR is entitled to elect to recover from Defendant statutory damages for each of its past and/or continuing violations of 17 U.S.C. § 1202.

47.    Plaintiff VINCENT KHOURY TYLOR is further entitled to costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR pray:

A.    That this Honorable Court enter an injunction preliminarily and permanently enjoining and restraining Defendant and Defendant's directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from infringing Plaintiffs' copyrighted photographic works and from violating 17 U.S.C. § 1202;

B.    That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the image, digital data in any form and/or likenesses impounded and/or destroyed or disposed of in other reasonable fashion;

C.    That Defendant be required to pay such damages as Plaintiffs have sustained and any profits Defendant has gained in consequence of Defendant's unlawful and willful acts or, in the alternative, to pay statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 1203(c) for Defendant's willful infringements;

D.    That Defendant be required to pay costs and reasonable attorneys' fees to Plaintiffs pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b);

E.    That Plaintiffs be granted such other and further relief as this Honorable Court may deem just and proper.

DATED:  Honolulu, Hawaii, _____ 8-28 _____, 2013.


_____
J. STEPHEN STREET
DANE ANDERSON
Attorneys for Plaintiffs
VINCENT KHOURY TYLOR and
VINCENT SCOTT TYLOR