**CHEE MARKHAM & FELDMAN**
Attorneys At Law

**GREGORY K. MARKHAM**   (3453-0)
**KEITH K. KATO**                     (5320-0)
2700 American Savings Bank Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 523-0111
Facsimile:  (808)523-0115

Attorneys for Defendant
**AQUA HOTELS & RESORTS, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR, <br><br>　　　　Plaintiffs, <br><br>　　vs. <br><br>AQUA HOTELS & RESORTS, LLC, Hawaii Limited Liability Company, dba AQUA HOSPITALITY; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10, <br><br>　　　　Defendants. | CIVIL NO. CV13-00433 LEK BMK (Copyright Infringement) <br><br>**DEFENDANT AQUA HOTELS & RESORTS, LLC'S ANSWER TO COMPLAINT FILED 08/28/13; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE** |

# DEFENDANT AQUA HOTELS & RESORTS, LLC'S ANSWER TO COMPLAINT FILED 08/28/13

COMES NOW, Defendant AQUA HOTELS & RESORTS, LLC (hereinafter referred to as "Defendant"), by and through its attorneys, the law firm of CHEE MARKHAM & FELDMAN, and for answer to Plaintiffs VINCENT KHOURY TYLOR's and VINCENT SCOTT TYLOR's (hereinafter referred to as "Plaintiffs") Complaint filed herein, alleges and avers as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, 17, 19 and 20 of the Complaint and on that basis denies same.

3. Defendant denies each and every allegation contained in Paragraphs 3, 8, 9, 10, 18, 19, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46 and 47 of the Complaint.

4. With respect to Paragraphs 27 and 41 of the complaint, defendant repeats and realleges the answers set forth above as if fully set forth herein.

5. Defendant denies each and every allegation of the Complaint not expressly admitted herein.

**THIRD DEFENSE**

6. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendants did not engage in any of the downloading and/or infringement alleged in Plaintiffs' Complaint. Plaintiffs failed to include the individual(s) who allegedly engaged in the downloading in question and who are indispensable parties pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, and for such failure, Plaintiffs' Complaint should be dismissed with prejudice as to the Defendant.

**FOURTH DEFENSE**

7. Defendant asserts the defense of lack of copyright registration or fatally defective copyright registration. To the extent that the copyright registrations relied upon by the Plaintiffs are inapplicable or fatally defective, Plaintiffs' Complaint should be dismissed with prejudice as to the Defendant pursuant to 17 U.S.C. 411(a).

**FIFTH DEFENSE**

8. Defendants assert the defense that Plaintiffs abandoned any copyright existing in the photographs in question.

## SIXTH DEFENSE

9. Defendants assert the defense that the photographs in question are in the public domain.

## SEVENTH DEFENSE

10. Defendant asserts the defense of fair use and/or de minimus infringement.

## EIGHTH DEFENSE

11. Defendant asserts that the photographs in question qualify as a "compilation", therefore the claims in Plaintiffs Complaint are not actionable pursuant to 17 U.S.C. 103.

## NINTH DEFENSE

12. Defendant asserts that if Plaintiffs were harmed as alleged in their Complaint, such harm was proximately caused by the acts or omissions of the Plaintiffs and/or their affiliates, and/or others outside the control of the Defendant, and/or not by the acts or omissions of the Defendant.

## TENTH DEFENSE

13. Defendant asserts the defense that the Plaintiffs are barred from maintaining their claims and obtaining the relief sought in the case at bar under the doctrine of estoppel.

## ELEVENTH DEFENSE

14. Defendant asserts the defense that the Plaintiffs are barred from maintaining their claims and obtaining the relief sought in the case at bar under the doctrine of waiver.

## TWELFTH DEFENSE

15. Defendant did not intentionally or otherwise deprive or cause Plaintiffs to be deprived of any of their rights.

## THIRTEENTH DEFENSE

16. Defendant asserts the defense of the innocent infringement pursuant to 17 U.S.C. 504(c)(2).

## FOURTEENTH DEFENSE

17. Defendant asserts that Plaintiffs works are not protectable pursuant to 17 U.S.C. 106A, the "Visual Artists Rights Act".

## FIFTEENTH DEFENSE

18. Defendant affirmatively alleges that it was not negligent or in any way at fault, and, therefore, is not liable to Plaintiffs for any damages prayed for in the Complaint filed herein.

## SIXTEENTH DEFENSE

19. Defendant affirmatively asserts the defense of Laches and Statute of Limitations.

## SEVENTEENTH DEFENSE

20. Defendant affirmatively alleges that Plaintiffs were guilty of contributory negligence and/or comparative negligence which caused or contributed to any harm sustained as a result of the alleged incident in question and, therefore, Plaintiffs may not recover for said harms.

## EIGHTEENTH DEFENSE

21. Defendant affirmatively asserts that Plaintiffs failed to mitigate their damages to which they may be entitled, by reason of the acts set forth in Plaintiffs' Complaint and, therefore, may not recover against Defendant.

## NINETEENTH DEFENSE

22. Defendant affirmatively intends to rely upon the defense of Assumption of Risk.

## TWENTIETH DEFENSE

23. Defendant asserts the defense of intervening superseding cause.

## TWENTY FIRST DEFENSE

24. Defendant asserts lack of causation.

## TWENTY SECOND DEFENSE

25. Defendant asserts that Plaintiffs' claims are barred by their own conduct.

## TWENTY THIRD DEFENSE

26. Defendant asserts improper service of process.

## TWENTY FOURTH DEFENSE

27. Defendant affirmatively asserts it intends to rely upon all applicable defenses available to it under in Rule 8(c) of the Federal Rules of Civil Procedure and any other matters constituting an avoidance or affirmative defense.

**WHEREFORE**, Defendant prays as follows:

1. That the Complaint herein be dismissed with prejudice;

2. That Defendant be awarded its attorney's fees and costs incurred in defending against this suit; and

3. That Defendant be awarded any and all other relief that the Court deems just and equitable in the premises.

Dated: Honolulu, Hawaii, September 19, 2013.

       /s/ Gregory K. Markham
**GREGORY K. MARKHAM**
**KEITH K. KATO**
Attorneys for Defendant
**AQUA HOTELS & RESORTS, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR,<br><br>    Plaintiffs,<br><br>vs.<br><br>AQUA HOTELS & RESORTS, LLC, Hawaii Limited Liability Company, dba AQUA HOSPITALITY; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE ASSOCIATIONS 1-10,<br><br>    Defendants. | CIVIL NO. CV13-00433 LEK BMK<br>(Copyright Infringement)<br><br>**CERTIFICATE OF SERVICE**<br><br>[DEFENDANT AQUA HOTELS & RESORTS, LLC'S ANSWER TO COMPLAINT FILED 08/28/13; DEMAND FOR JURY TRIAL] |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been duly served upon the following parties at their last known address via the means and on the date indicated below.

**J. STEPHEN STREET, ESQ.**                                                  ECF
134 Maono Place
Honolulu, HI 96821

**DANE ANDERSON, ESQ.**                                                        ECF
P.O. Box 1621
Honolulu, HI 96806

Attorney for Plaintiffs
**VINCENT KHOURY TYLOR and
VINCENT SCOTT TYLOR**

Dated:  Honolulu, Hawaii, September 19, 2013.

          /s/ Gregory K. Markham
**GREGORY K. MARKHAM**
**KEITH K. KATO**

Attorneys for Defendant
**AQUA HOTELS & RESORTS, LLC**